TilghmaN, C. J.
(after stating the facts, and the first part of the charge,) delivered the opinion of the court, as follows:
This charge was excepted to by the defendant’s counsel, as going too far, because there is nothing illegal, or unfair, in the debtor’s stipulating for some terms to his own advantage, provided he conveys his property to one of his creditors, for a valuable and adequate consideration, and the creditor is willing to relinquish part of the property so conveyed.
The charge is to be considered as applied to the evidence, and not as a general abstract proposition, that all conveyances are void, by which any benefit is granted to the debtor. The stat. 13 Elis, c. 5. makes void, “all feigned, covinous, and fraudulent conveyances, bonds, suits, judgments, and executions, which were devised and contrived of malice, to the end, purpose, and intent, to delay, hinder, or defraud creditors, and others, of their just and lawful actions, suits, debts,” &c. N.ow, in the present instance, consider the nature of the conveyance. There is no objection to it, on account of the preference given to the Robinsons ; because, where there is río bankrupt law, a debtor has a right to give a preference to any creditor. But, a difficulty is thrown in the way of ■other creditors, by the vague description of the hides; for it is impossible, by any examination of the deed, or inventory, to identify them — part was in the vats; but what part was there, and where the rest were, are left to conjecture. There is no intimation, on the face of the deed, of the reservation of any part for the benefit of the debtor; therefore, if there was any agreement for such reservation, it was secret; at least, it was not disclosed in such a manner, that the other creditors could come to the knowledge of it, by inspection of the writing. In what a situation, then, are they placed? If one of them lays an execution on the hides, the deed is produced, by which they are protected; and yet the debtor, by this private agreement, is entitled to part of them. What is this, then, but a collusion between the debtor, and a preferred creditor, to protect the property of the debtor, from the executions of other creditors ? It falls directly within the words and spirit of the statute of 13 Eliz, But, it is said, that other creditors had no concern in the property conveyed by this deed, because its whole amount was not equal to the debt due to the Robinsons. In answer to this, however, it is to be observed, that, at the time of executing the deed, it was supposed by the parties that there might be a surplus, because that event is provided for. Another circumstance of some weight, is, that counsel having been consulted, before the drawing of the deed, the parties were told, that any attempt to reserve part of the property, for the benefit of the debtor, was illegal. And if, after this advice; such reservation was omitted on the face of the deed, but bargained for by a private agreeement, it certainly was indicative of an intent which would not bear the light. I say, if it toas so agreed; for whether it was or not, is unknown *202 to me. That was a fact for the consideration of the jury, to whom it was submitted by the court. The question is, whether the charge was correct, in instructing the jury, that the deed was void, if there was a private agreement for the benefit of the grantor; and I ant decidedly of opinion, that in such instruction the charge was right, because the transaction, taken altogether, would have a direct and strong tendency, to protect the property of the debtor from his other creditors.
But exception was taken to another part of the charge; viz. “ that the paper signed by Robinson and Brown, dated the 5th of August, 1818, did not amount to an original appropriation of the property referred to — it was making but a construction of the original assignment, and their construction was no more than that of any other personThat this paper did not amount to an original appropriation, I agree. It does not purport to be any such thing. It is no more than a notice from the Robinsons, confirmed by Brown, that the property in the hands of the defendants had been conveyed by Brown to the Robinsons, by an assignment, dated on the Slsi of July, 1818. This is first declared, by one of the Robinsons, on behalf of both; after which, Brown says, he confirms the above ; that is, he declares, that what had been said above, was true. But, when it was afterwards given in charge to the jury, that this writing was no more than a construction of the assignment of the 31st of July, ISIS, and of no more weight than the construction of any other person, I think there was a material error. The assignment of the 31st of July, described these hides in so vague a manner, that it was impossible to say, whether they were comprehended in it. Then it certainly was in the power of the parties, to identify them, by a subsequent declaration, before the right of any third person had attached. The writing of the 5th of August amounted to such a declaration; and so the jury should have been instructed. As the charge was given, the jury might have doubted, whether the assignment included the property in dispute; and, for aught we know, the verdict may have been founded on the opinion, that the defendants had failed in making out that part of their case. But, be that as it may, I am of opinion, that there was error in instructing the jury, that the writing of the 5th of Avgust .was no more than a construction of the assignment, and of no greater effect, from the mouths of the parties to that instrument, than from those of any other person. The judgment is, therefore, to be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.