The opinion of the Court was afterwards drawn up by
Wilde J.
The only question in this case, now ripe for de cisión, depends on the validity of the deed of May 27, 1822, from Jonathan Winship to the defendant.
This was a deed of trust, as appears by a certain indenture, made and executed at the same time with the deed and forming a part of the same transaction. The object was, as ex *78 pressed in the indent e, to secure certain creditors of "Win ship for debts due, and to indemnify them against certain liabilities they had before assumed in his behalf, he then being deeply insolvent and about to fail.
That he had a right thus to secure some of his creditors, to the exclusion of others, provided it was done in good faith, cannot be doubted ; it being a well settled principle, that an insolvent debtor may prefer one creditor to another, either by payment of tire debt of the preferred creditor, or by securing it by way of mortgage, pledge or otherwise.[1]
That this right of preference may be, and in fact too frequently has been, resorted to for purposes of fraud and injustice cannot be denied. In all cases, therefore, in which such a right has been exercised, it must appear to have been done in perfectly good faith. If suspicious circumstances are proved, they must be very carefully examined and thoroughly sifted : and if they cannot be satisfactorily explained, fraud may be inferred, though not proved by positive and direct evidence ; as for instance, in case of a sale of goods, if the possession of the goods does not follow- the sale, it is presumptive evidence that the sale was feigned and fraudulent, and it is held to be conclusive evidence, unless the circumstance of the possession can be satisfactorily explained. [2]
A good and adequate consideration is not alone sufficient to render a sale valid against creditors ; it must also be made bond fide; and the least fraudulent or illegal intention between the parties will vitiate the whole transaction.[3]
If we examine the evidence in the case under consideration upon these principles, the defendant’s title certainly cannot be supported.
■ It appears from the facts disclosed by the conveyancer, tnat one of the objects which the parties had in view, in making the arrangement in question, was to secure the property against *79 attachments, it being apprehended that the creditors, whose demands were at the time due and payable, might secure the whole property to the prejudice of other creditors whose debts were not then due ; and that the assignment to the defendant was accordingly made with the understanding and expectation that a general assignment would thereafter be made by J. Win-ship for the benefit of all his creditors ; and that the estates assigned to the defendant should in that case constitute a part of the common fund. And it is expressly admitted, that the object of this preliminary arrangement was to prevent the sacrifice of the property, and to secure the rights of all the creditors to an equal distribution of the property. Now such an arrangement is against the policy of the law, and against the plain legal rights of the creditors whose debts were due at the time.
They had the right to secure their debtor’s property by attachment and thus to obtain a preference over other creditors. To defeat this right, the deed in trust to the defendant was made, and it was clearly void by the express words of Sí. 13 Eliz. c. 5. It was an attempt to hinder creditors in the prosecution of their lawful actions for the recovery of their debts It was not an absolute sale, nor an absolute security, for on the happening of a contingency a new security was to be substituted, and either the first assignment was to be set aside altogether, or if not, a new trust was to be created in favor of creditors who were not parties to the first assignment, and who had no rights, either legal or equitable, under it.[1]
We think it therefore manifest, that the principal object of this temporary arrangement was to cover the property and to intercept attachments. This was an unlawful purpose, and although no moral fraud was intended, yet it was a legal fraud, and the sale cannot be set up against the plaintiff, who was a creditor of Winship, and has obtained a title to the equity of redemption under legal process.[2]

 See Deforest v. Bacon, 2 Connect. R. 683; Marbury v. Brooks, 7 Wheaton, 556; 11 Wheaton, 78; Burd v. Smith, 4 Dallas, 76; Riggs v. Murray, 2 Johns. Ch. R. 578; Canal Bank v. Cox, 6 Greenl. 395; Egbert v. Woods, 3 Paige, 517.

 See Wheeler v. Train, 3 Pick. (2nd ed.) 257, note 1, and cases there cited

 See Howe v. Ward, 4 Greenl. 195 ; Whelan v. Whelan, 3 Cowen, 537 Jackson v. Mather, 7 Cowen, 301; Foster v. Hall, 12 Pick. 99,100

 See Passmore v. Eldredge, 12 Serg. & Rawle, 198.

 See St. 1836, c. 238; St. 1838, c. 163.